UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT R,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　　Defendant. | Case No. 2:24-cv-01233-TLF<br><br>ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

　　　　Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 2. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 4, Complaint.

　　　　Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v.*

*Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

## DISCUSSION

Plaintiff filed his application for Title II benefits on November 12, 2021, alleging disability beginning January 31, 2021, later amended to November 12, 2021. AR 17. The claim was denied initially on January 25, 2022, and upon reconsideration on October 25, 2022. AR 17. On August 24, 2023, ALJ conducted a hearing, and issued an unfavorable decision finding plaintiff not disabled on November 1, 2023. AR 14. The Appeals Council declined the request for review and plaintiff filed an appeal to this court. AR 1-6.

ALJ Evangeline Mariano-Jackson determined that plaintiff had the following severe impairments: lumbar spine arthritis; right knee degenerative joint disease; status post right inguinal hernia repair with mesh; major depressive disorder; anxiety disorder; post-traumatic stress disorder (PTSD); and opioid use disorder. AR 21. The ALJ found plaintiff could perform light work as defined in 20 C.F.R. § 404.1567(b) with the following additional restrictions:

> The claimant is capable of lifting and/or carrying up to 20 pounds occasionally and up to 10 pounds frequently. He is limited to stand and/or walk for 6 hours in an 8-hour workday. He is limited to sit for 6 hours in an 8-hour workday. The claimant could frequently balance, stoop, kneel, crouch, and climb ramps and/or stairs and occasionally climb ladders, ropes, and/or scaffolds. He can never be exposed to extreme heat or vibration and can never work at unprotected heights or around moving mechanical parts or heavy machinery. The claimant can understand,

remember, and carry out simple, routine, and repetitive tasks involving only simple work-related decisions and occasional decision making and changes in the work setting. He can never perform assembly line work. He can tolerate occasional, brief, and superficial interaction with supervisors, coworkers, and the public.

AR 24-25. Based on hypotheticals posed to the Vocational Expert (VE) at the hearing, the ALJ concluded at step four that plaintiff could not perform his past work, but could work, instead, as a parking lot attendant, office cleaner, or collator operator. AR 37-38.

Plaintiff argues that the ALJ erred by improperly discounting his subjective symptom testimony and by improperly evaluating the medical opinion evidence. Dkt. 11 at 1. The Commissioner contends that plaintiff has ignored, and thus waived, each of the specific reasons the ALJ provided to discount his subjective testimony, and that substantial evidence supports the ALJ's evaluation of the medical opinions. Dkt. 12 at 1.

**1. Medical Evidence**

Plaintiff argues the ALJ erred in discounting the medical opinions of Dr. Russell Faria, D.O., and Berenese Canady, DNP, ARNP. Dkt. 11 at 3-7.

Plaintiff filed the claim on November 12, 2021, so the ALJ applied the 2017 regulations. AR 17. Under the 2017 regulations, the Commissioner "will not defer or give any specific evidentiary weight…to any medical opinion(s)…including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless explain how he or she considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b). The ALJ is not required to take medical opinions at face value. *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020).

The Ninth Circuit considered the 2017 regulations in *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022). The Court found that "the requirement that ALJ's provide 'specific and legitimate reasons' for rejecting a treating or examining doctor's opinion…is incompatible with the revised regulations" because requiring ALJ's to give a "more robust explanation when discrediting evidence from certain sources necessarily favors the evidence from those sources." *Id.* at 792. Under the new regulations,

> An ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must "articulate…how persuasive" it finds "all of the medical opinions" from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching those findings, *id.* § 404.1520c(b)(2).

*Id.*

Supportability is the extent to which a medical source supports their opinion by explaining "the relevant objective medical evidence." *Woods,* 32 F.4th at 791. Consistency is the extent to which a medical opinion is consistent with other evidence in the claim, medical and nonmedical. *Id.* at 791-92. In general, the ALJ does not have any obligation to explain how they considered factors other than supportability and consistency. *Cross v. O'Malley,* 89 F.4th 1211, 1214 (9th Cir. 2024) (internal citations omitted).

### a. Dr. Russell Faria, D.O.

Dr. Russell Faria examined plaintiff and completed a consultative physical evaluation in an opinion dated September 27, 2022. AR 584-596. Dr. Faria opined that plaintiff was limited to bending, stooping, kneeling, or crouching for two hours or less in an eight-hour workday; standing and walking for two hours or less in an eight-hour workday; lifting and carrying twenty pounds occasionally and ten pounds frequently; and

restricted plaintiff from overhead work, climbing, balancing, and working at heights due to treatment with potentially sedating medication. AR 591. The ALJ found Dr. Faria's opinion partially persuasive, discounting all limitations but for those related to lifting and carrying on both supportability and consistency grounds.[1] Plaintiff argues that the ALJ's rationales do not provide a sufficient explanation and are unsupported by substantial evidence. Dkt. 11 at 4.

### i. Consistency

An ALJ may discount a doctor's opinions when they are inconsistent with the medical record. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Dr. Faria limited plaintiff to standing, walking, stooping, crouching, and kneeling for two hours or less in an eight-hour workday, and restricted plaintiff from performing overhead work, climbing, balancing, and working at heights. AR 591. The ALJ found these limitations unpersuasive because such findings were inconsistent with the overall medical record, which contained objective findings of normal gait, ambulation, range of motion, and coordination, with mostly normal strength and no use of assistive devices. AR 32. The ALJ also contrasted Dr. Faria's disabling limitations with other unremarkable findings in the record, such as plaintiff's normal EMG/nerve conduction study; that plaintiff rated his pain 2/10 both currently and chronically; plaintiff's conservative treatment following hernia repair surgery; and that plaintiff does not take pain medication. AR 31. The ALJ reasonably found these normal findings inconsistent with Dr. Faria's limitations. *See*

---

[1] The Court notes the ALJ conflates the supportability and consistency factors here, stating the limitations were inconsistent with Dr. Faria's own findings and unsupported by normal physical exams throughout the record. AR 32. However, the Court can readily discern which parts of the ALJ's analysis support each factor by the context. *See Woods*, 32 F.4th at 793, n.4 (where the ALJ stated an opinion was "not supported by the record," the context of the statement indicated the ALJ meant the "opinion was inconsistent with other record evidence") (internal quotation marks omitted).

*Allen v. Comm'r of Soc. Sec.*, 2021 WL 5371412, at *3 (W.D. Wash. Nov. 18, 2021) (ALJ reasonably found severe postural and exertional limitations inconsistent with record showing normal gait, strength, and range of motion); *see also Ramirez v. Comm'r of Soc. Sec.*, 2019 WL 4201437, at *8 (E.D. Cal. Sept. 5, 2019) (ALJ reasonably rejected standing and walking limitations where record routinely showed normal gait). Thus, the ALJ had substantial evidence from which to conclude that Dr. Faria's opinion was inconsistent with the overall record.

### ii. Supportability

The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support their opinion, the more persuasive their opinion will be. 20 C.F.R. § 404.1520c. The ALJ also found the limitations mentioned above unpersuasive because they were not supported by Dr. Faria's own examination findings. AR 32.

Dr. Faria noted normal gait, station, squatting, and coordination, and intact strength in his consultative report. AR 587-89. Dr. Faria also tested plaintiffs' ability to heel walk, toe walk, and tandem walk, administered the straight leg test, and tested plaintiff's range of motion and motor strength. AR 589-90. Dr. Faria noted no abnormalities throughout plaintiff's exam. *Id.* Despite these unremarkable findings, Dr. Faria opined severe postural and environmental limitations. AR 591. It was reasonable for the ALJ to conclude that such benign exam findings did not support the opined limitations. *See Wages v. O'Malley*, 2024 WL 418179, at *7 (E.D. Cal. Feb. 5, 2024) (exam showing normal gait, station, coordination, squatting, etc., did not support opinion that plaintiff required greater walking and standing limitations than up to four hours in an

eight-hour workday). Thus, the ALJ's finding that Dr. Faria's opined limitations were unsupported is supported by substantial evidence.

Plaintiff's argument that the ALJ failed to adequately explain how the evidence supported her assessment of Dr. Faria's opinion is unavailing. As required by the 2017 regulations, the ALJ supported her conclusions with an explanation of how she considered the supportability and consistency factors which was supported by substantial evidence. The ALJ did not err in finding Dr. Faria's opinion only partially persuasive.

### b. Berenese Canady, DNP, ARNP

On October 1, 2022, ARNP Canady examined plaintiff and completed a consultative psychological evaluation, diagnosing panic disorder and opioid dependence, in remission. AR 597-600. Ms. Canady opined that, due to plaintiff's panic attacks and poor ability to self-regulate, plaintiff would have difficulty with performing detailed and complex tasks; interacting with coworkers and the public; performing work activities on a consistent basis without special instructions; maintaining regular attendance and completing a normal workday/workweek without interruptions from a psychiatric condition; and dealing with the usual stress encountered in the workplace. AR 600.

The ALJ found Ms. Canady's opinion only partially persuasive because she found some of Ms. Canady's opined limitations were inconsistent with the medical records. AR 34.

Plaintiff argues that the RFC determination is unsupported by substantial evidence because the ALJ failed to properly assess Ms. Canady's opinion. Dkt. 11 at 5.

1  Specifically, plaintiff argues that the ALJ failed to provide a logical bridge to explain what
2  evidence supports the ALJ's assessment, alleging that the ALJ "impermissibly place[d]
3  the cart before the horse" by stating the evidence supported the RFC rather than
4  identifying how the evidence rendered the opinion unpersuasive. *Id.* at 6-7. The
5  Commissioner contends that the ALJ provided a discernible path of reasoning by
6  specifically juxtaposing record evidence indicating "mild impairment" against Ms.
7  Canady's limitations. Dkt. 12 at 8-9.

   The ALJ outlined which portions of ARNP Canady's opinion were inconsistent with particular evidence in the record. The ALJ found that ARNP Canady's opinion regarding plaintiff's ability to perform work tasks on a consistent basis without special instructions, maintain attendance, deal with workplace stress, and complete a normal workday/workweek without interruptions was inconsistent with treatment notes showing only mild functional impairment with some deterioration in interpersonal interactions. AR 34. The ALJ stated the treatment notes indicated that despite the noted impairment, plaintiff could still maintain meaningful and satisfying relationships and had only mild disruption in aspects of self-care and usual activities. *Id.* The ALJ also cited to multiple places in the record showing that plaintiff generally had appropriate mood, affect, and behavior with normal eye contact. *Id.* Contrary to plaintiff's argument, the ALJ specifically connected evidence with the discounted limitations to show inconsistency and did not merely state how the evidence supported her RFC. The ALJ therefore did not err in her evaluation of Ms. Canady's opinion.

### 2. Subjective Symptom Testimony

Plaintiff challenges the ALJ's evaluation of his subjective symptom testimony. Dkt. 11 at 7.

#### a. Mental Impairment Testimony

Plaintiff testified that he wakes up with anxiety every day and has to "fight it down" before he can get out of bed. AR 54. He can reduce his morning anxiety by breathing, drinking water, and taking his morning medication, but the anxiety never fully goes away. AR 54. Plaintiff testified that his anxiety makes him want to be alone and prevents him from eating and concentrating. AR 55. When he has panic attacks, they come on randomly and usually last for only a few minutes if he can get away from people and breathe. AR 56-57.

In a function report dated July 24, 2022, plaintiff asserted that his anxiety makes it hard to be around people and he always feels worried, depressed, and scared. AR 269. He stated that he stays in his bedroom because it feels safter, and usually only leaves for medical appointments. AR 270. When he leaves his home, he needs to be accompanied by someone because he feels unsafe as if something bad is going to happen, and he does not have a drivers license. AR 272. He reported not being able to handle stress well because of his high anxiety and does not tolerate changes in routine well. AR 257.

#### b. Physical Impairment Testimony

Plaintiff testified that he can walk for approximately ten minutes at a time before he starts to get twinges in his hernia repair scars. AR 59. He recounted that about a month after his second hernia repair surgery, his leg suddenly went numb, and he fell

and hit his knee on the corner of an end table. AR 60. He stated that he is unsure how much weight he can comfortably lift and carry due to his knee injury, but stated he was able to lift and carry a gallon of milk. AR 61. He was unsure if he would be able to carry a case of water, though that would be due to the awkwardness and not the weight. *Id.* Plaintiff stated that he did not take pain medication other than occasional ibuprofen when his knee is swollen. AR 62.

In a function report dated March 23, 2022, plaintiff stated that he needs assistance putting on pants and socks and that it is too unsafe for him to take showers anymore, so he only takes baths. AR 252. Plaintiff no longer cooks because he has burned himself in the past when his leg gave out while cooking. AR 253. His sister cooks for him and does his laundry, though he helps fold laundry while seated once per week and is able to dust his room. AR 253-54. Although he loves gardening and landscaping, he stated he can no longer engage in those activities because his "legs just won't allow it anymore." AR 255. He noted that his impairments limit his ability to lift, squat, bend, stand, and reach because these activities pull on his hernia repair scars and cause pain. AR 256. He also has difficulty walking, kneeling, climbing stairs, and completing tasks because his leg gives out and he often falls. *Id.*

### c. Analysis

The ALJ found that plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were inconsistent with the objective medical evidence. AR 30. Plaintiff argues that the ALJ failed to provide clear and convincing reasons for discounting his testimony and instead only provided a general summary of the medical evidence without specifying what evidence undermined which portions of

plaintiff's testimony. Dkt. 11 at 7-8. The Commissioner contends that plaintiff has ignored, and therefore waived, each of the specific reasons the ALJ provided to discount plaintiff's testimony, and that substantial evidence supports the ALJ's conclusion. Dkt. 12 at 1-2.

The ALJ's determinations regarding a claimant's statements about limitations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)). In assessing a plaintiff's credibility, the ALJ must determine whether plaintiff has presented objective medical evidence of an underlying impairment. If such evidence is present and there is no evidence of malingering, the ALJ can only reject plaintiff's testimony regarding the severity of his symptoms for specific, clear, and convincing reasons. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036) (9th Cir. 2007)).

Contrary to plaintiff's argument that the ALJ failed to offer "any reason" for discounting plaintiff's testimony (Dkt. 11 at 7), the ALJ gave several reasons – inconsistency with objective medical evidence; conservative treatment; lack of objective evidence; and activities of daily living. AR 31. By failing to challenge the specific reasons the ALJ gave for rejecting his testimony, plaintiff has not provided sufficient clarity for the Court to consider the arguments. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address whether ALJ properly rejected claims of memory problems because plaintiff "failed to argue this issue with any specificity in his briefing"); *Indep. Towers of Wash. v. Wash.*, 350 F.3d 925,

929-30 (9th Cir. 2003) (The Court "will not consider any claims that were not actually argued in appellant's opening brief.").

For the first time in his reply brief, plaintiff argues that the Commissioner has misapplied prevailing legal standards which do not permit discounting subjective testimony strictly based on inconsistency with the medical evidence.[2] Dkt. 13 at 3. Plaintiff also attempts to address the activities of daily living argument for the first time in the reply brief. *Id.* Because there is no opportunity for the defendant to respond when arguments are raised for the first time in a reply, the Court declines to address these arguments. *Thompson v. King*, 2025 WL 560696, at *3 (9th Cir. Feb. 20, 2025), citing *Vasquez v. Rackauckas,* 734 F.3d 1025, 1054 (9th Cir. 2013).

The Court therefore finds the ALJ's evaluation of plaintiff's symptom testimony was properly supported by substantial evidence.

## CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ properly determined plaintiff to be not disabled. Therefore, the ALJ's decision is affirmed.

Dated this 1st day of August, 2025

Theresa L. Fricke
United States Magistrate Judge

---

[2] The Court notes that this is a misstatement of the law. The Ninth Circuit has affirmed that "[c]ontradiction with the medical record is a sufficient basis for rejecting the claimant's symptom testimony." *Smartt v. Kijakazi,* 53 F.4th 489, 499 (9th Cir. 2022) (quoting *Carmickle*, 533 F.3d at 1161) (internal quotation marks omitted).